ELLIS, Judge:
This is a suit for damages for personal injuries arising out of an automobile accident, brought by Robert Mark Stephens against David T. Thibaut, Jr., and Continental Insurance Company, his insurer. Liability was stipulated by defendants, and the only question presented to the trial court was whether the surgical removal of a pilonidal cyst was necessitated by the accident. The trial judge found that it was not, and awarded plaintiff only nominal damages. Plaintiff has appealed.
Plaintiff testified that on September 17, 1976, his vehicle was struck from the rear and that he was “ . . . jolted back into the seat pretty hard.” He suffered some soreness in his neck and spine, which cleared up shortly, the neck in three or four days and the spine in about a month. He testified that it was “ . . nothing that I would, say, go to the doctor about.”
*193 When he got home he noticed he was bleeding from the base of his tailbone. He dabbed some alcohol on the site of the bleeding and the next day, consulted Dr. David Miller. Dr. Miller examined him and told him to keep an eye on it. The bleeding persisted and plaintiff called Dr. Chesnutt, who referred him to Dr. Gordon W. Peek, a general surgeon.
Dr. Peek saw plaintiff on September 21, four days after the accident, and diagnosed an infected pilonidal cyst. He treated the infection, and after it subsided, operated and removed the cyst. It was Dr. Peek’s opinion that there was no causal connection between the accident and the infection of the cyst.
Dr. Miller had recognized the condition as a pilonidal cyst, and observed a very small amount of material coming out. He was of the opinion that the discharge was a result of the accident, but that the cyst itself was not related to the accident, and that the accident had no effect on the cyst.
The trial judge found that plaintiff had not proved a causal connection between the accident and the removal of the cyst by a preponderance of the evidence. Plaintiff claims that the trial judge placed too great a burden of proof on him. He relies on the rule stated in Peppers v. Toye Bros. Yellow Cab Co., 198 So. 177 (La.Orl.App.1940).
“ . . . where a person who enjoys good health suffers an accident and within a short time thereafter a dormant preexisting illness or old injury disconnected with the accident flares up or becomes active, it will be presumed that the flare up was not a coincidence and that it was set in motion as a direct result of the accident. And it is sufficient for the plaintiff, in order to cast the burden of proof upon the defendant, to show by medical testimony that there is a reasonable possibility that the result claimed for did happen.”
That rule has no application in this case, in which there is no showing that the cyst was in any way aggravated by the accident, although the discovery of its existence might be attributable thereto. The operation was necessitated by the infection, which neither doctor could relate to the accident.
The judgment appealed from is therefore affirmed at plaintiff’s cost.
AFFIRMED.